```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TYRONE L. MOZELLE,<br><br>    Plaintiff,<br><br>   v.<br><br>CITY OF PLEASANTVILLE, et al.,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 12-1700<br>        (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

SETHI & MAZAHERI LLC
Reza Mazaheri
40 Exchange Place
Suite 2010
New York, NY 10005
    Counsel for Plaintiff

BAKER, SCOTT & GELFAND, PC
Joseph M. Scott
Lin wood Greene
2010 New Road
Suite 12
Linwood, NJ 08221
    Counsel for Defendants

**IRENAS**, Senior District Judge:

   Plaintiff's claims arise from an allegedly improper arrest and subsequent criminal prosecution. Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim.

**I.**

   On August 4, 2010, Plaintiff visited his parents at a senior housing facility in Pleasantville, New Jersey. (Compl. ¶ 18)

Meanwhile, a neighbor reported that an intruder had entered her unlocked apartment and stolen an unknown sum of money. (Compl. ¶ 19) Pleasantville police officers arrived at the scene and allegedly arrested Plaintiff without probable cause for removing 70 dollars from the neighbor's bed. (*Id.*)

Plaintiff alleges, however, that at all relevant times, surveillance cameras captured Plaintiff's movements inside the senior housing facility. (Compl. ¶ 20) At no time does the surveillance footage capture Plaintiff entering the neighbor's home. (*Id.*)

Nevertheless, at the police station, Pleasantville police officers filed a criminal complaint against Plaintiff and allegedly purposefully misrepresented that the surveillance footage captured Plaintiff entering the neighbor's home. (Compl. ¶ 23) Plaintiff was charged with Third Degree Burglary and Theft. (Compl. ¶ 24) Bail was set at $25,000. (*Id.*)

On September 30, 2010, Plaintiff's case went before the grand jury. (Compl. ¶ 28) Defendant Police Officer Ellis allegedly made knowingly false statements regarding the contents of the surveillance footage to the grand jury in order to obtain an indictment. (*Id.* at ¶ 27) In addition, the Pleasantville police allegedly refused to reveal the exculpatory surveillance video. (*Id.* at ¶ 29) Because Plaintiff could not afford to make bail, Plaintiff remained incarcerated for six months. (Compl. ¶

25) Finally, on June 1, 2011, all criminal charges were dismissed.[1] (*Id.* at ¶ 31)

On March 19, 2012, Plaintiff filed the Complaint against the City of Pleasantville, the Pleasantville Police Department, Police Chief Duane Comeaux, Detective Steven Sample, Patrolman Charlie Ellis, Jr., Officer Gazo, and Officer Dennis. On May 8, 2012, Defendants moved to dismiss.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations,

---

[1] The Court notes that approximately ten months elapsed between Plaintiff's arrest and the dismissal of criminal charges, but Plaintiff alleges he was incarcerated for only six months. There is no explanation for this discrepancy.

3

unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Plaintiff alleges seven counts against Defendants: (1) § 1983 false arrest/false imprisonment; (2) § 1983 malicious prosecution; (3) § 1983 unlawful seizure/false arrest; (4) § 1983 abuse of process; (5) § 1983 unlawful custom, practice or

policy;[2] (6) common law negligence, and; (7) common law intentional infliction of emotional distress ("IIED").

Defendants initially moved to dismiss or partially dismiss every Count except Counts III and V. Out of an abundance of caution, Defendants further moved to dismiss several claims that, under any reasonable interpretation of the Complaint, Plaintiff did not allege.[3] Incredibly, Plaintiff responded to Defendants' arguments as if the Complaint actually contained such claims.[4] This Court will not address Defendants' Motion with respect to claims that are not alleged in the Complaint.[5]

---

[2] This claim is brought only against Defendants City of Pleasantville and the Pleasantville Police Department.

[3] Defendants' position is understandable, however, because Plaintiff's Complaint entitles a count under one relatively straightforward claim, but then proceeds to support the count by indiscriminately listing statutes and constitutional amendments. For example, Count IV is entitled "§ 1983 Abuse of Process," but is supported by "rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, made actionable through 42 U.S.C. § 1983 and § 1985(2) and (3)." (Compl. ¶ 57) This Court will not construe a clearly labeled § 1983 abuse of process claim as one alleging a § 1985 conspiracy, a violation of both substantive and procedural due process, a "class of one" equal protection violation, *and* a claim for abuse of process.

[4] For example, Plaintiff's Complaint supports three unrelated counts by the Fourteenth Amendment among other constitutional provisions. Defendants initially attempted to dismiss all Fourteenth Amendment claims, but Plaintiff opposed such dismissal. Defendants then filed a thirty-five page Reply in an attempt to dismiss nine separate Fourteenth Amendment claims - three substantive due process, three procedural due process and three equal protection claims. This Court will only address these arguments as they apply to the claim actually pled in each Count.

[5] Moreover, this Court declines Defendants' invitation to convert this Motion to Dismiss into one for summary judgment pursuant to Fed.R.Civ.P. 12(d). There has been little to no discovery, and this Court does not base this decision on materials Defendants submitted extraneous to the Complaint.

**A.**

Preliminarily, Defendant argues that Plaintiff's claims against Defendant Pleasantville Police Department must be dismissed. *See Padilla v. Township of Cherry Hill*, 110 Fed.Appx. 272, 278 (3d Cir. 2004) (holding that a police department is not a separate judicial entity from the municipality for the purposes of § 1983). In response, Plaintiff "respectfully defers to the Court on this issue." (Pl.'s Opp. Br. 14); *see Newtown-Haskoor v. Coface North America*, 2012 WL 1813102, *7 (D.N.J. 2012) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count.") (internal citations omitted). Therefore, all claims against Defendant Pleasantville Police Department will be dismissed.

**B.**

Defendants next move to dismiss Plaintiff's malicious prosecution claim.[6]

A claim for malicious prosecution requires Plaintiff to prove that "the proceeding was initiated without probable cause." *See Camiolo v. State Farm Fire and Cas. Co.*, 334 F.3d 345, 362-63 (3d Cir. 2003). A grand jury indictment, however, is prima facie

---

[6] Any references to analogous sections of the New Jersey State Constitution will be analyzed together with its federal counterpart considering no party contends that the standards would be different.

6

evidence of probable cause. *Id.* Moreover, grand jury testimony is subject to absolute immunity. *See Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012) ([W]e conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony."). If absolute immunity attaches, a defendant will be shielded from § 1983 liability even for allegedly false statements made knowingly under oath. *See Briscoe v. Lahue*, 460 U.S. 325, 336-37 (1983).

Here, the grand jury returned an indictment against Plaintiff based on Officer Ellis's testimony. Although Plaintiff alleges that the indictment was based on lies, Defendant Ellis's testimony is subject to absolute immunity. Plaintiff has offered no other allegations to support the malicious prosecution claim. "The sole evidence that led to the indictment of Plaintiff by the Grand Jury was the false testimony of Defendant Patrolman Ellis wrongly describing the content of the surveillance video." Compl. ¶ 44. Accordingly, Defendants' Motion will be granted on Plaintiff's malicious prosecution claim.

### C.

Defendants next argue that Plaintiff's § 1983 abuse of process claim must fail. "An abuse of process is by definition a denial of procedural due process." *Jennings v. Shuman*, 567 F.2d

7

1213, 1220 (3d Cir. 1997). "The gravamen of [an abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994). "To establish such a claim, there must be some proof of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Ference v. Twp. of Hamilton*, 538 F.Supp.2d 785, 798 (D.N.J. 2008).

Here, Plaintiff alleges that Defendants arrested and criminally charged Plaintiff without probable cause. Plaintiff further alleges that Defendants made misrepresentations to the grand jury to protect their employment and avoid criminal and civil liability.

On these threadbare allegations, a claim for abuse of process does not lie. First, Plaintiff alleges that the criminal process was not legitimately initiated. Second, Plaintiff has pointed to no extortionate or illegitimate purpose of the prosecution. Indeed, according to Plaintiff's allegations Defendants sought Plaintiff's conviction – the precise purpose of the criminal justice system. There is no indication here that Defendants attempted to extort or extract something from Plaintiff through the use of the criminal justice system. Accordingly, Defendants' Motion will be granted on the abuse of process claim.

**D.**

Defendants next seek dismissal of Plaintiff's common law tort claims for failure to file a timely notice of claim.[7] It is undisputed that Plaintiff was required to file a notice of claim within ninety days after the accrual of the tort. *See* N.J.S.A. 59:8-3 and 59:8-8. On August 4, 2010, Plaintiff was arrested. On June 1, 2011, Plaintiff's criminal charges were dismissed. On August 29, 2011, Plaintiff filed a notice of claim.

At this juncture, the Court cannot dismiss the claim for negligence. First, Defendants interpreted the negligence claim to allege only intentional torts. As such, this Court does not interpret Defendants' Motion to seek dismissal of the negligence cause of action. Second, it is unclear from which facts Plaintiff alleges negligence. If the negligence claim accrued at arrest, the claim would be barred for failure to timely file a notice of claim. However, if the claim accrued when Plaintiff's criminal charges were dismissed, the notice of claim would be timely. Accordingly, Defendants' Motion will be denied without prejudice to raise the argument at a future date.

Count VII alleges IIED from Plaintiff's false arrest and imprisonment. Because this claim clearly accrued at the time of

---

[7] Defendants again seek dismissal of claims clearly not pled in the Complaint. For example, Count VI is entitled "Negligence," but Defendants only seek dismissal of intentional torts including, *inter alia*, false arrest and malicious prosecution. The Court does not interpret Count VI to allege anything but a claim for negligence.

arrest - August 4, 2010 - and a notice of claim was not filed until over one year later - August 29, 2011 - Plaintiff failed to timely file the requisite notice of claim. *See Bauer v. Borough of Cliffside Park*, 225 N.J. Super. 38, 47 (App.Div. 1988) ("The basis for a claim of false arrest arises at the time the incident occurs, *i.e.*, the time of arrest.").

Accordingly, Defendants' Motion will be denied with respect to the claim for negligence and granted with respect to the claim for IIED.

**E.**

Finally, Defendants argue that punitive damages may not lie against a municipality or individual police officers in their official capacities. Plaintiff concedes the argument, but expressly reserves his claims for punitive damages against the police officer defendants in their individual capacities. Accordingly, Defendants' Motion will be granted with respect to punitive damages asserted against City of Pleasantville and all police officer defendants in their official capacities.

**IV.**

For the foregoing reasons, Defendants' Motion will be granted in part and denied in part. The Motion will be granted on the claims for malicious prosecution, abuse of process and IIED.

Furthermore, all claims against the Pleasantville Police Department will be dismissed. Any claims asserting punitive damages against the City of Pleasantville and Defendant Police Officers in their official capacity will also be dismissed. In all other respects the Motion will be denied.

Plaintiff will be granted leave to file a motion to amend the Complaint within 30 days of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile.").[8] An appropriate Order accompanies this Opinion.


Date: 7/2/12

                                                 /s/ Joseph E. Irenas

                                               **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[8] Should Plaintiff file a motion to amend the Complaint to add claims already addressed by Defendants' extensive briefing, Plaintiff shall clearly indicate why such an amendment would not be futile in light of Defendants' arguments. Moreover, Plaintiff shall clearly delineate each new claim in a separate count.